IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jackie L. Thompson, #257892, ) | |
| ) | Civil Action No. 3:04-23068-TLW-JRM |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| William M. White, Warden, B.R.C.I., ) | **REPORT AND RECOMMENDATION** |
| and Henry D. McMaster, Attorney ) | |
| General of the State of South Carolina, ) | |
| ) | |
| Respondents. ) | |
| ) | |

Petitioner, Jackie L. Thompson ("Thompson"), is an inmate at the South Carolina Department of Corrections serving a sentence of seventeen years for attempted armed robbery (10 counts), kidnapping (2 counts), possession of a weapon during a crime of violence (2 counts); and assault and battery of a high and aggravated nature (2 counts). He filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 13, 2004.[1] The case was automatically referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(c), DSC. Respondents filed a motion for summary judgment, supported by copies of portions of the state court record, on February 2, 2005. Because petitioner is proceeding pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued on February 4, 2005, advising petitioner of his responsibility to properly respond to the motion for summary judgment. Petitioner filed his response on March 11, 2005.

---

[1]This is the Houston v. Lack, 487 U.S. 266 (1988) "delivery" date. See order filed December 30, 2004.

**Procedural History**

After the selection of a jury on April 26, 1999, Thompson entered pleas of guilty to the multiplicity of charges listed above and was sentenced. The charges grew out of a series of attempted robberies on November 13, 1998 of a number of Hispanics living in York, South Carolina. Thompson did not file a direct appeal.

Thompson filed an application for post-conviction relief ("PCR") on July 28, 1999. He asserted that his trial attorneys were ineffective for failing to negotiate a favorable plea and that his guilty plea was involuntary. An evidentiary hearing was held on March 27, 2003 at which Thompson appeared, was represented by counsel and testified. The PCR court issued an order dismissing the application on April 21, 2003.

Thompson filed a Johnson[2] petition for a writ of certiorari in the South Carolina Supreme Court through the South Carolina Office of Appellate Defense raising the following issue:

> Did petitioner's persistent denial of the state's factual allegations show that he misunderstood the nature of his pleas and the charges against him.

The South Carolina Supreme Court denied Thompson's petition on August 19, 2004.

**Grounds for Relief**

In his present petition, Thompson asserts that he is entitled to a writ of habeas corpus on the following grounds:

1. Trial counsel were ineffective;

2. Trial counsel were ineffective for failing to consult with him about a direct appeal;

3. Involuntary guilty plea.

---

[2]Johnson v. State, 294 S.C. 310, 364 S.E2d 201 (1988).

**<u>Discussion</u>**

Respondents assert that Thompson's claim concerning the denial of direct appeal is procedurally barred and that all his asserted grounds fail on the merits.

**A.     Procedural Bar**

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

**1.     Exhaustion**

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> > (A)  the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i)  there is either an absence of available State corrective process; or
> >
> > (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999).

The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act....

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. See SCAR 207 and Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue of relief is by filing an application for post-conviction relief (PCR). See S.C. Code Ann. § 17-27-10 et seq. A PCR applicant is also required to state

all of his grounds for relief in his application. See, S. C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim.[3] If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). If petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. See Rose v. Lundy, supra.

  2.  **Procedural bypass**[4]

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the

---

[3] In cases where the South Carolina Supreme Court applied a procedural bar, however, this court is directed to also apply that bar, except in certain limited circumstances. See discussion below on procedural bypass.

[4] This concept is sometimes referred to as procedural bar or procedural default. If a petitioner procedurally bypasses his state remedies, he is procedurally barred from raising them in this court.

5

issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, <u>Smith v. Murray</u>, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

<u>Reed v. Ross</u>, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both 'cause' for noncompliance with the state rule and 'actual prejudice resulting from the alleged constitutional violation.'

<u>Smith v. Murray</u>, <u>supra</u>, quoting <u>Wainwright v. Sykes</u>, 433 U.S. at 84 (1977); <u>see also</u> <u>Engle v. Isaac</u>, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S. 478, 496 (1986).

### 3.     Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner in this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts, and this court is barred from considering the claim (absent a showing of "cause" and "actual prejudice"). In such an instance, the exhaustion requirement is "technically met" and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert.denied, 522 U.S. 833 (1997) citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-98 (1989); and George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996).

### 4.     Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure. Coleman v. Thompson, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, 477 U.S. 478 (1986). A

7

petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. Murray v. Carrier, 477 U.S. 478 (1986); Clozza v. Murray, 913 F.2d 1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir. 1988), cert. denied, 485 U.S. 1000 (1988).

Absent a showing of "cause," the court is not required to consider "actual prejudice." Turner v. Jabe, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. Murray v. Carrier, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. United States v. Frady, 456 U.S. 152 (1982).

In the case of Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995) *cert. denied,* 517 U.S. 1171 (1996), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only *dicta*. See Karsten v. Kaiser Foundation Health Plan, 36 F.3d 8, 11 (4th Cir. 1993). Once a court has determined that a claim is procedurally barred, it should not stray into other considerations.

After denial of the PCR, appellate counsel filed a Johnson petition for writ of certiorari[5] with the South Carolina Supreme Court. In Johnson v. State, 294 S.C. 310, 364 S.E.2d 201

---

[5]All appeals from the denial of a PCR application are made by seeking a writ of certiorari from the South Carolina Supreme Court. See SCACR 227.

(1988), the South Carolina Supreme Court adopted a procedure for appeal where appellate counsel concludes that the PCR applicant has no meritorious grounds to present. Counsel is required to file the <u>Johnson</u> petition raising any issue which is arguably appealable and requesting leave to withdraw as attorney for the petitioner on appeal. A copy of the brief is furnished to the applicant and he is notified that he has a specific period of time to furnish further information to the Supreme Court for consideration in making a determination as to the <u>Johnson</u> petition. The applicant may file a pro se brief raising additional issues. <u>Foster v. State</u>, 298 S.C. 306, 379 S.E.2d 907 (1989). In ruling on a <u>Johnson</u> petition for writ of certiorari, the South Carolina Supreme Court necessarily considers the issue or issues raised in the <u>Johnson</u> petition and any issues raised by the applicant in his pro se brief. Further, the South Carolina Supreme Court conducts a review of the record when a <u>Johnson</u> petition is filed. <u>King v. State</u>, 308 S.C. 348, 417 S.E.2d 868 (1992). In so doing, the South Carolina Supreme Court will only consider those issues raised by the PCR application upon which evidence was presented **and** were ruled on by the PCR court. The South Carolina Supreme Court applies a procedural bar to issues which do not meet this criteria. Under South Carolina law, the PCR court is required to make specific findings of fact and conclusions of law as to each issue raised in the PCR. See S.C. Code Ann. § 17-27-80 and Rule 52(a) SCRCP. <u>Bryson v. State</u>, 328 S.C. 236, 493 S.E.2d 500 (1997). Counsel is required to object to any deficiencies in the order of the PCR court. <u>McCullough v. State</u>, 320 S.C. 270, 464 S.E.2d 340 (1995). This duty falls on the PCR applicant if not raised by counsel in the <u>Johnson</u> petition. See <u>Pruitt v. State</u>, 310 S.C. 254, 423 S.E.2d 127, 128 n.2 (1992) ("the general rule [is] that issues must be raised to, and ruled on by, the post-conviction judge to be preserved for appellate review."). See also, <u>Padgett v. State</u>, 324 S.C. 22, 484 S.E.2d

101 (1997) (issues not ruled on by PCR court are not preserved for appeal).  Thus, when considering a Johnson petition, the South Carolina Supreme Court considers only those issues raised by the Johnson petition, raised in any pro se brief or petition filed by the applicant, and those issues specifically ruled on by the PCR court.

Thompson's claim that his attorneys were ineffective for failing to consult with him about a direct appeal was not asserted in the Johnson petition, no pro se brief is in the record, and the issue was not addressed by the PCR court.  Therefore, the undersigned concludes that this claim is procedurally barred.

### B. Merits

Since Thompson filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended.  Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999).  That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d).  See Williams v. Taylor, 529 U.S. 362 (2000).  In considering a state court's interpretation of federal law, this

court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases …. A state- court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.
>
> * * *
>
> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

Id. at 1519-20. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

### 1.   Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

11

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> * * *
>
> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added).

Strickland at 694-95.

Under the AEDPA, a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the Strickland test. See Williams v. Taylor, 529 U.S. 362 (2000). ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

Ineffective assistance of counsel claims may be asserted in limited circumstances where the petitioner has entered a plea of guilty. A guilty plea generally precludes the petitioner from

challenging defects in the process which occurred prior to the plea. He "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann." Tollett v. Henderson, 411 U.S. 258, 267 (1973). When such a claim is raised, the voluntariness issue is subsumed within the claim of effectiveness of the attorney's assistance. Hill v. Lockhart, 474 U.S. 52, 56 (1985).

In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent, i.e., the first prong of the Strickland test. Under this prong, counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. The prejudice prong of the Strickland test is modified and the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

      a.    Plea Negotiations

The PCR court ruled that Thompson's trial counsel were not ineffective in failing to negotiate a more favorable plea. The record shows that the State offered a plea with a seventeen year cap prior to trial, but the offer was withdrawn after jury selection. (App. 94-95). Thompson ended up pleading with no recommendation and received the seventeen year sentence. Thompson also asserts that he was promised a sentence of ten years. However, that assertion is contradicted by Thompson's PCR testimony. There, Thompson testified that he was promised "leniency" by the investigating detective. (App. 3-17).

b.  Appeal

Even if considered on the merits, Thompson's claim that his trial counsel was ineffective in failing to file an appeal is unsupportable. Generally, a defendant who has pled guilty does not need to be informed of his right to appeal. Carey v. Leverette, 605 F.2d 745 (4th Cir.), *cert. denied*, 444 U.S. 983 (1979). Here, the trial court informed Thompson of his right to appeal, and Thompson does not assert that he requested his attorneys to file an appeal.

2.  Involuntary Guilty Plea

A guilty plea to be valid must be the informed, voluntary decision of a competent defendant who has the opportunity to receive the advice of a reasonably competent attorney. A defendant must be informed of the charges against him and the protections afforded by the United States Constitution. Boykin v. Alabama, 395 U.S. 238 (1969) and Henderson v. Morgan, 426 U.S. 637 (1976). The defendant must be informed of the direct consequences of his plea such as the maximum sentence and any applicable mandatory minimum sentence. A guilty plea must be "a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970).

The PCR court applied the standards of Hill v. Lockhart and Boykin v. Alabama, supra. The court recognized that a defendant's admissions under oath at the change of plea hearing substantially limit is ability to challenge those statements at a later time. (App. 125). See Blackledge v. Allison, 431 U.S. 63 (1977). Thompson expressly admitted his guilt under oath and stated he was satisfied with the services of his attorney during the change of plea hearing (App. 45). The undersigned concludes that the PCR court properly applied the precedents cited above.

## Conclusion

Upon review of the record, the undersigned recommends that respondents' motion for summary judgment be granted, and the petition for writ of habeas corpus be dismissed without an evidentiary hearing.

Respectfully submitted,

s/Joseph R. McCrorey  
United States Magistrate Judge

June 2, 2005  
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

# Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
# &
# The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201